```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| | : | |
| v. | : | |
| | : | No. 19-122-2 |
| CHARLES WILSON | : | NO. 19-123-1 |

MEMORANDUM

Bartle, J.                                         December 23, 2020

The Court has before it the motion of defendant Charles Wilson for a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(1)(A).

I

On June 3, 2019, defendant pleaded guilty to Counts II and III in Criminal Action No. 19-122-1 of aiding and abetting possession of a firearm by a felon in violation of 18 U.S.C. §§ 922(g)(1) and 2 and to Count I in Criminal Action No. 19-123-2 of dealing in firearms without a license in violation of 18 U.S.C. § 922(a)(1)(A).  On January 10, 2020, this Court sentenced defendant to 78 months imprisonment to be followed by three years of supervised release.  Defendant is currently serving his sentence at the Federal Correctional Institution in Fairton, New Jersey ("FCI Fairton") with an estimated release date of September 15, 2024.

On September 25, 2020, defendant submitted a pro se motion for compassionate release.  Thereafter, at his request, this Court appointed the Federal Defender's Office to represent him.  On September 29, 2020, the Government filed its response to defendant's motion and on December 14, 2020, defendant's counsel filed a supplemental counseled motion.

II

Defendant's motion for reduction of sentence relies on section 3582(c)(1)(A) as recently amended by the First Step Act. It provides, in relevant part:

> The court may not modify a term of imprisonment once it has been imposed except that—
>
> (1) in any case—
>     (A)  the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>         (i)  extraordinary and compelling reasons warrant such a reduction
>             . . .

> and that such reduction is consistent with applicable policy statements issued by the Sentencing Commission.

Defendant has exhausted his administrative remedies, and we turn first to the elements that a defendant must meet under section 3582(c)(1)(A)(i) to obtain a reduction in sentence. It provides that a court may order compassionate release for "extraordinary and compelling reasons" but only if the reduction in sentence is "consistent with applicable policy statements of the Sentencing Commission."

Congress has also enacted 28 U.S.C. § 994(t) which provides:

> The Commission, in promulgating general policy statements regarding the sentencing modification provisions in section 3582(c)(1)(A) of title 18, shall describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples. Rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason.

The application note 1(A) of section 1B1.13 of the Sentencing Guidelines explains that "extraordinary and compelling reasons" exist where the defendant is: (1) "suffering from a terminal illness" including among others "advanced dementia"; (2) "suffering from a serious physical or medical condition"; (3) "suffering from a serious functional or cognitive impairment";

3

or (4) "experiencing deteriorating physical or mental health because of the aging process." The latter three grounds also require that the impairment "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover."

III

Defendant asserts that compassionate release should be granted because he "suffers from asthma, major depressive disorder, unspecified trauma and stressor-related disorder." He also sustained a gunshot wound to his left lung in December 2018. He maintains that his "serious" underlying health concerns, combined with the coronavirus pandemic, presents extraordinary and compelling reasons for a reduction of his current sentence. In support of his motion, defendant also avers that he: recently experienced the birth of his first child and wishes to be a part of his son's life; needs to provide care for his ill grandmother; will not be a danger to the community; and will have a stable home with his family upon release. With respect to the pandemic, defendant provides information about the potential dangers to those in prison facilities who cannot engage in the social distancing or take other salutary measures necessary to mitigate the spread of coronavirus and about the current rates of infection and testing

in federal prisons.  He requests an order reducing his sentence to time served.

The Government opposes defendant's motion.  It disputes defendant's characterization that his medical conditions are as serious as he claims.  It asserts that defendant's medical conditions "are well controlled with medication provided by the institution" and do not appear to place him at enhanced risk during the current pandemic.  According to the Government, defendant does not present "any specific serious conditions," and states, "generalized threats to the entire [prison] population."  It further asserts that defendant is not eligible for compassionate release because he has not "pointed to any conditions that he currently has that is on CDC's list of certain high-risk conditions."  It also maintains that, if released, defendant presents a danger to the community.

According to Bureau of Prisons health records, defendant is 25 years old and suffers from asthma, depression, and trauma.  Defendant's Presentence Investigation Report notes that he also suffers from intellectual disabilities.  In 2018, defendant suffered from a collapsed lung, but there is no indication that he is at any present risk because of his previous lung issues.  He has been prescribed an Albuterol inhaler, to be used "2 puffs by mouth 4 times a day as needed."

5

While incarcerated, he reported respiratory issues only once on February 10, 2020. During his examination on that date, he did not report any other abnormalities related to his asthma or breathing. Other than that incident, there is no evidence that defendant ever sought or received treatment while incarcerated for any asthmatic episode. He has been taking and has access to his prescribed medications as needed.

The Court is, of course, mindful of the devastating worldwide pandemic and the special dangers the highly contagious coronavirus poses for the defendant and all others in prison. However, "the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release." United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020). The Bureau of Prisons, including FCI Fairton, has in place protocols to deal with this disease and the Attorney General has issued two directives to the Bureau of Prisons concerning early release of inmates, which it is following.

Based on the current record, defendant has not established that his asthma, depression, trauma, and stress-related disorder constitute serious medical conditions as defined in the Sentencing Guidelines. The serious medical condition under the Sentencing Guidelines must be an impairment which "substantially diminishes the ability of the defendant to

6

provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." Defendant clearly does not meet this requirement.

Even if he has the requisite serious medical condition, the Court's analysis does not end here.  Section 3582(c)(1)(A) requires the Court to consider the "factors set forth in section 3553(a) to the extent they are applicable" before the Court may reduce his sentence.  These factors include the need to:  "reflect the nature and circumstances of the offense and the history and characteristics of the defendant"; "reflect the seriousness of the offense"; "promote respect of the law"; and "afford adequate deterrence to criminal conduct."

In this regard, defendant claims that his "service of nearly two years in prison under these circumstances provide just punishment and adequate deterrence."  He asserts that while incarcerated, his disciplinary record has been minimal and that upon release, he will be under supervision for three years, which is "adequate" to protect the public from additional crimes.  If granted release, defendant will reside with his grandmother, who is undergoing chemotherapy and suffers from carpal tunnel syndrome.  Defendant maintains that he will provide care for his grandmother and wants to be involved in his children's lives.

While the court recognizes defendant's family situation, such circumstances do not outweigh other § 3553(a) factors that support the need for him to serve the sentence imposed.  The Court cannot ignore the seriousness of defendant's criminal history.  As noted before, defendant pleaded guilty of crimes involving the sale of dangerous firearms.  Defendant was involved in a significant firearms trafficking enterprise.  He sold firearms to undercover ATF agents while two of his girlfriend's young children were physically present with him in his girlfriend's backyard.  He engaged in this behavior after he had become a convicted felon and while he was under state court parole and supervision.  Defendant's Presentence Investigation Report further details a history of criminal activity, including prior convictions for burglary and theft by receiving stolen property.  His crimes are of a serious nature and underscore the danger defendant poses to the community.  Defendant has not provided any evidence to suggest otherwise.

While defendant has served 19 months of his sentence thus far for his crimes, there is still a substantial amount of time remaining in his 78-month sentence.  Releasing defendant now would not appropriately reflect the nature and circumstances of his offenses, promote just punishment, or afford adequate deterrence to criminal conduct.  <u>See</u> section 3553(a).

The Court, taking all the relevant facts into account, finds that defendant Charles Wilson has not established extraordinary and compelling reasons that warrant his entitlement to compassionate release.  Accordingly, the Court will deny the motion of defendant for a reduction of sentence under 18 U.S.C. § 3582(c)(1)(A).